IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILLIAM R. MASTERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 1:05-cv-1807 (JDB) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION TO FILE OUT OF TIME**

This is a civil action in which plaintiff alleges that, beginning with tax year 2000, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks a refund of all taxes paid in, damages for alleged "wrongful collection," and injunctive relief respecting further federal tax collection against them.

STATEMENT

Plaintiff, William R. Masterson, filed his complaint on September 12, 2005. On March 6, 2006, the United States filed a motion to dismiss asserting lack of person and subject-matter jurisdiction. The Court ordered plaintiff to respond to the motion on or before March 23, 2006. (March 9, 2006 Order.) On March 28, 2006, plaintiff filed the present motion, with attachments styled as "Objection and Response to Defendants' Motion to Dismiss," "Response to Foot Note [sic] #1 Memorandum in Support of United States [sic] Motion to Dismiss," "Objection to Motion to Dismiss for Improper Service," "Defendant's Brief in Support of Objection to Admission of Defendant's

Computer 'Evidence'," and "Response to Motion to Dismiss - Exhaustion of Administrative Remedies." The United States does not oppose plaintiff's late filing of these documents, but opposes the arguments and requested relief contained within the attachments. The United States responds to each of plaintiff's attachments below.

PLAINTIFF'S OBJECTION AND RESPONSE TO DEFENDANTS' MOTION TO DISMISS

In this objection and response, plaintiff asserts that he "withdraws his request for a refund and for injunctive relief." (Obj. and Response ¶ 4.) The remainder of plaintiff's objection and response is devoted to arguments seeking to vacate the United States' motion to dismiss under Fed. R. Civ. P. 12(f). Plaintiff also asserts that sanctions under Fed. R. Civ. P. 11 should be imposed. (Obj. and Response ¶ 6.) Plaintiff asserts that the United States' motion to dismiss was "brought for improper purposes of delay, is unwarranted by existing law, and is frivolous, lacking any good faith argument for an extension, modification or reversal of existing law and insults the intelligence of this court and the plaintiff." (Obj. and Response ¶ 1.)

Plaintiff's request to vacate should be denied as the United States' motion to dismiss is based upon statutory authority and well-developed case law as evidenced in the supporting memorandum filed with the motion to dismiss. Moreover, the United States' motion to dismiss clearly does not contain any "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter".

Plaintiff's request for sanctions should be denied because plaintiff failed to comply with the procedural requisites to bringing such a motion as required by Fed. R.

Civ. P. 11. and plaintiff's allegations are meritless. Under Fed. R. Civ. P. 11(c), plaintiff is required to serve a copy of a motion for sanctions upon the United States, prior to filing with the Clerk of the Court. Fed. R. Civ. P. 11(c)(1)(A). He may only file the motion after waiting 21 days to permit the United States time to consider the motion and take appropriate action, if deemed necessary. See Fed. R. Civ. P. 11(c)(1)(A). Plaintiff does not allege, nor can he demonstrate, that he has complied with this requirement. Further, plaintiff's request lacks even an iota of merit. Since the United States' motion to dismiss is well-founded in law, there is certainly no basis for requesting sanctions or a bar referral.

RESPONSE TO FOOT NOTE [*SIC*] #1
MEMORANDUM IN SUPPORT OF UNITED STATES [*SIC*] MOTION TO DISMISS

In the memorandum in support of the United States' motion to dismiss, the United States noted that this case is substantially similar to one of more than 50 known cases filed in this Court with identical or nearly identical complaints, in which all plaintiffs brought suit in a *pro se* capacity. Plaintiff asserts that "[c]ounsel has wasted the Courts' and the plaintiff('s)(s') time by squandering his/her efforts on cases other than the ones to which he/she is assigned." (Response at 1.) While the United States does not dispute that this and similar cases involve squandering of time and efforts, it is certainly not because of the United States. The United States opposes plaintiff's requested relief, including his request that footnote one be deemed "an admission of a pattern of unlawful activity, in violation of 18 U.S.C. § 1964(a) - racketeering" (Response at 2), that the United States' motion to dismiss and/or the footnote in question be

stricken (Response at 3), and that the United States' be sanctioned (Response at 3).

<u>OBJECTION TO DISMISS FOR IMPROPER SERVICE</u>

In its motion to dismiss, the United States asserted that the Court lacks personal jurisdiction as plaintiff failed to effect proper service since he, personally, served the United States. Plaintiff failed to rebut the allegations presented by the United States, yet he seeks to sanction the United States and strike or deny the United States' motion to dismiss. Again, plaintiff's requests should be denied.

<u>DEFENDANT'S BRIEF IN SUPPORT OF OBJECTION TO
ADMISSION OF DEFENDANT'S COMPUTER "EVIDENCE"</u>

The United States does not understand what "computer 'evidence'" plaintiff is referencing. If plaintiff is referring to any future introduction of IRS documents or transcripts into evidence, then plaintiff's request is premature.

<u>RESPONSE TO MOTION TO DISMISS - EXHAUSTION OF ADMINISTRATIVE REMEDIES</u>

In its motion to dismiss, the United States asserts that the Court lacks subject matter jurisdiction over plaintiff's claim for damages as plaintiff failed to adequately demonstrate that he exhausted his administrative remedies required by 26 U.S.C. § 7433. Plaintiff asks the Court to invoke its equity jurisdiction. (Response at 1.) The remainder of plaintiff's response is comprised of arguments asserting that the regulation - 26 C.F.R. § 301.7433-1 - is invalid.

A.   EQUITY JURISDICTION IS INAPPROPRIATE

Plaintiff asks the Court to invoke equity jurisdiction. Plaintiff seeks damages which "remain today a remedy at law." *Sparrow v. Comm'r*, 949 F.2d 434, 437 (D.C. Cir.

1991) (citing *Curtis v. Loether*, 415 U.S. 189 (1974)).  As such, an exercise of equity jurisdiction is inappropriate.1/  *See also Gaines v. United States*, 2006 U.S. Dist. LEXIS 14907 (D.D.C. 2006) (Huvelle); *Glass v. United States*, 2006 U.S. Dist. LEXIS 14908 (D.D.C. 2006) (Huvelle); *Koerner v. United States*, 2006 U.S. Dist. LEXIS 14909 (D.D.C. 2006) (Huvelle); *Pierce v. United States*, 2006 U.S. Dist. LEXIS 14910 (D.D.C. 2006) (Huvelle).

B.   THE REGULATION IS VALID

Plaintiff asserts that 26 C.F.R. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending, 7433; and by effectively converting a '7433 damages' claim into a '7422 refund' claim."  (Response at 2.) Plaintiff's claim of regulatory invalidity fails for three reasons.

First, because plaintiff has not shown any attempt to comply with 26 U.S.C. § 7433's requirement to "exhaust[] the administrative remedies available," his claim of regulatory invalidity is not ripe for adjudication.

Second, the regulation is valid.  *Chevron* provides the analytical framework for considering the validity of this regulation.  *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984).  Regulations issued by an agency to interpret

---

1/  Also, if plaintiff attempts to seek equitable relief, he must overcome the Anti-Injunction Act's prohibition.  26 U.S.C. § 7421(a); *see Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-845 (D.C. Cir. 1987); *American Federation of Gov't Employees, AFL-CIO v. United States*, 660 F.Supp. 12, 13, (D.D.C. 1987).

the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

      Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C.

2006) (Kollar-Kotelly). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some

reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative hearing procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e). Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages. From this information, the Service may investigate a taxpayer's claims and make an informed determination. Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress's mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review.

CONCLUSION

For the reasons asserted in the United States' motion to dismiss and as stated above, the United States respectfully requests that the Court dismiss the complaint.

Date: April 21, 2006.

Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
P. O. Box 227, Ben Franklin Station
Washington, D.C. 20044
Phone/Fax: (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' RESPONSE TO PLAINTIFF'S MOTION TO FILE OUT OF TIME and proposed ORDER were caused to be served upon plaintiff *pro se* on the 21st day of April, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>WILLIAM R. MASTERSON
>Plaintiff pro se
>4107 10TH St. Ct. East
>Ellenton, FL 34222

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1577332.1