UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WILLIAM R. MASTERSON,

    Plaintiff,

        v.       Civil Action No. 05-1807 (JDB)

UNITED STATES OF AMERICA,

    Defendant.

## MEMORANDUM OPINION

This action is one of more than fifty cases in which dozens of individuals across the nation have submitted (in a pro se capacity) boilerplate filings to this Court, asserting that they are entitled to damages pursuant to the Taxpayer Bill of Rights ("TBOR") for alleged misconduct by the Internal Revenue Service ("IRS") in the collection of taxes. See 26 U.S.C. § 7433. Presently pending before the Court is defendant's motion to dismiss the complaint filed by plaintiff William R. Masterson. Defendant has advanced several arguments to buttress its position, the most compelling of which is plaintiff's alleged failure to pursue administrative remedies as required by 26 U.S.C. § 7433(d)(1). That provision provides that "[a] judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." Defendant contends that plaintiff's failure to comply with this provision divests the Court of subject-matter jurisdiction over this matter. See Fed. R. Civ. P. 12(b)(1).

In accordance with § 7433(d)(1), the IRS has promulgated regulations that establish procedures to be followed by a taxpayer who believes that IRS officers or employees have

disregarded provisions of the tax code in their collection activities.  See 26 C.F.R. § 301.7433-1. Specifically, these regulations require that an aggrieved taxpayer must first submit his or her claim "in writing to the Area Director, Attn: Compliance Technical Support Manager[,] of the area in which the taxpayer currently resides," and further requires that the claim must include:

| | |
|---|---|
| i | The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim; |
| ii | The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service); |
| iii | A description of the injuries incurred by the taxpayer filing the claim  (include copies of any available substantiating documentation or evidence); |
| iv | The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence);  and |
| v | The signature of the taxpayer or duly authorized representative. |

26 C.F.R. § 301.7433-1(e) (hereinafter "the § 301.7433-1(e) procedures").  If such a claim is filed and the IRS has either issued a decision on the claim or has allowed six months to pass from the date of filing without acting on it, the taxpayer may proceed to file suit in federal district court pursuant to 28 U.S.C. § 7433(a).  See 26 C.F.R. § 301.7433-1(d)(1).  The regulations also allow the taxpayer to file suit immediately after the administrative claim is submitted, as long as the administrative submission occurs during the last six months of the two-year statute-of-limitations period.  26 C.F.R. § 301.7433-1(d)(2).

## ANALYSIS

At the outset, it is important to note that, in accordance with recent Supreme Court jurisprudence, the issue presented does not technically concern subject matter jurisdiction, and is more properly analyzed as a failure to state a claim under Fed. R. Civ. P. 12(b)(6).  See Turner v. United States, Civil Action No. 05-1716, Slip Op. at 5-9 (D.D.C. Apr. 24, 2006) (finding, based

on Arbaugh v. Y&H Corp., 126 S.Ct. 1235 (2006), that an identical omission in an indistinguishable case raised an issue of failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6), rather than lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)). For the reasons that follow, the Court will grant defendant's motion to dismiss on this basis.

In his opposition papers, plaintiff does not claim that he followed the procedures set forth in § 301.7433-1(e). Rather, he merely asserts that he should not be required to do so. See Pl.'s Opp'n at 6 (stating that "[p]laintiff[] contend(s) that the administrative 'remedies' purportedly provided for -- as implemented by regulation -- are at best unavailable, and at worst, wholly inadequate").[1] Plaintiff's assertion that there are no "administrative remedies available" to him, within the meaning of § 7433(d)(1), is belied by the regulations quoted above. Under these regulations, plaintiff may avail himself of the IRS's administrative-claims process merely by: (1) delivering (via U.S. mail or other means) a signed document containing the specified information to the "Compliance Technical Support Manager" for the IRS area in which he resides; and (2) waiting a maximum of six months from the date of delivery. It is clear, then, that administrative remedies are "available" unless the IRS refuses to accept delivery of plaintiff's claim (which plaintiff does not allege has occurred).

Plaintiff also contends that the § 301.7433-1(e) procedures are inadequate and that pursuit

---

[1] Plaintiff does assert in his complaint that he has "petitioned . . . the Commissioner of the Internal Revenue Service for lawful summary records of assessment and the Secretary of the Treasury for refunds." Compl. ¶ 29. In his affidavit, plaintiff also claims that he "has repeatedly sent numerous correspondence that the IRS has repeatedly and willfully failed to answer." Pl.'s Aff. ¶ 12. Requesting information from the IRS, however, is not a substitute for submitting a damages claim, as required by 26 C.F.R. § 301.7433-1(e). Moreover, plaintiff's conclusory assertions that he has exhausted all administrative remedies, see Compl. ¶¶ 6, 24, 29; Pl.'s Aff. ¶¶ 12, 15, are insufficient where, as here, his opposition papers establish otherwise.

of administrative remedies would be futile, but these arguments are likewise unconvincing. Even assuming that plaintiff is not mistaken, the exhaustion requirement of TBOR does not provide for such exceptions. To be sure, plaintiff is correct that courts occasionally relieve plaintiffs of exhaustion requirements. See, e.g., McCarthy v. Madigan, 503 U.S. 140, 146 (1992) (stating that "administrative remedies need not be pursued if the litigant's interests in immediate judicial review outweigh the government's interests in the efficiency or administrative autonomy that the exhaustion doctrine is designed to further"). But this only occurs when the exhaustion requirement is itself a judicial construct.[2] If exhaustion is a statutory mandate, however, then courts may not carve out exceptions that are unsupported by the text. See id. at 144 (stating that "[w]here Congress specifically mandates, exhaustion is required"); Avocados Plus, Inc. v. Veneman, 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (stating that "[i]f [a] statute does mandate exhaustion, a court cannot excuse it") (citing Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1, 13 (2000)).[3]

---

[2] Moreover, even under circumstances in which the exhaustion requirement is not explicitly mandated by statute, courts have said that an implied "exhaustion requirement may be waived in 'only the most exceptional circumstances.' . . . Even the probability of administrative denial of the relief requested does not excuse failure to pursue [the administrative remedies]." Randolph-Sheppard Vendors of Am. v. Weinberger, 795 F.2d 90, 106 (D.C. Cir. 1986) (citations omitted).

[3] The Court finds no support for plaintiff's argument that the history of amendments to § 7433 demonstrates that Congress is ambivalent about the need for taxpayers to exhaust administrative remedies before filing suit. See Pl.'s Opp'n at 2-4. Although these revisions appear to reflect some vacillation by Congress with respect to whether nonexhaustion should bar recovery entirely or simply result in a reduction of a damages award, see Taxpayer Bill of Rights II, Pub. L. No. 104-168, § 802(a), 110 Stat. 1452 (1996) (amending 26 U.S.C. § 7433(d)(1) to eliminate exhaustion as a prerequisite to recovery and instead to permit courts to reduce damages based on failure to exhaust), Congress's decision in 1998 to revert to the pre-1996 amendment language clearly evidences an intention to mandate exhaustion, see Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3102(a)(2), 112 Stat. 685.

Finally, plaintiff's impassioned appeal to this Court's "inherent equitable authority" and "extraordinary powers," Pl.'s Opp'n at 5, 23, does not suffice. His suggestion that the Court may use its authority to rewrite statutes, see id. at 23 (stating that "plaintiff[] respectfully request(s) the Court exercise its equitable powers; find that Congress should not have re-imposed the exhaustion requirement"), is foreclosed by well-established case law. See McNeil v. United States, 508 U.S. 106, 111 (1993).

## CONCLUSION

When, as here, the failure to exhaust administrative remedies is uncontested, the language of the TBOR prohibits this Court from awarding plaintiff the requested relief (i.e., damages). Under such circumstances, the motion to dismiss should be granted on the basis that plaintiff has failed to state a claim upon which relief may be granted. See Turner, Civil Action No. 05-1716, Slip. Op. at 5-9. Plaintiff's concession that he has failed to comply with the § 301.7433-1(e) procedures is therefore dispositive of the motion to dismiss, and, accordingly, the Court will dismiss plaintiff's complaint without prejudice. A separate order has been issued on this date.

             /s/ John D. Bates
             JOHN D. BATES
           United States District Judge

*Copies to*:

WILLIAM R. MASTERSON
4107 10th Street CT East
Ellenton, FL 34222
    *Plaintiff pro se*

Jennifer Lynn Vozne
U.S. DEPARTMENT OF JUSTICE
Tax Division, Civil Trial Section, Eastern Region
P.O. Box 227, Ben Franklin Station
Washington, DC 20044
(202) 307-6555
Fax: (202) 514-6866
Email: jennifer.l.vozne@usdoj.gov
    *Counsel for defendant*